At this time, we'll hear Acme Refrigeration v. Katzenberg in the Law Office of Mr. McNamara. Mr. McNamara. Good morning, Your Honors. May it please the Court, my name is Mikhail Ratner. I represent the appellants in this case. Excuse me. I mean, the covers of all three briefs identify people variously as some of them are appellees in one, defendants, counterclaimants, appellees in another. It looks like you and your adversaries have been able to agree even on a caption. So if you say you're here to represent appellants, I have no idea who you're talking about. Your Honor, it's the Acme companies, the plaintiffs in the underlying... Plaintiffs, counter-defendants, appellants. Yes, there were counter-defendants because there were counterclaims asserted against them in this particular case. Well, in the red brief they're called plaintiffs, appellants, cross-appellees. You call Acme plaintiffs and the red brief filed by Ms. Benzie says that they're plaintiffs appellees and they're plaintiffs only in the other brief filed by Ms. Benzie. Could you tell me... This is the first time in 24 years I've asked that. Briefly, tell me what the facts are. Who's paid what to whom, who owes what, and who's suing? I was about to get into that actually, Your Honor. The underlying facts all stem from a massive fraud that was perpetrated by the former president of Acme companies. I know, and there were several lawsuits. There were several lawsuits. And the same law firm represented... The same law firm represented them from 2006 to 2014 and they've basically mushroomed over time, Your Honor. They range from this underlying case to an actual arbitration in California. This was the first case. This was, as it were, the flagship case? I would call it the flagship case, Your Honor, but there are definitely other cases out there that were litigated pretty much simultaneously. And has the law firm been paid in full by the entity that retained it? Your Honor, that's the contention here. We... By whom? They represented all various companies and the bills were issued to Acme and there were cases that were lumped in together, Your Honor. And you represent whom? I represent the Acme American Refrigeration, Acme American Repairs... Acme American... Yeah, and so on. I mean, that's basically where we are. And I think Your Honor is right to wonder... Did you pay the bills proffered by your counsel? You mean, did Acme pay? Yes. I'm not asking you personally. You, your client. They paid close to a million dollars of the bills, Your Honor. Well, that doesn't really answer the question, does it? I mean, how much was the billing? For that is in contention here, over $350,000, I believe, Your Honor. So there was $1.3 million that the district court found should have been paid by your client to... $277,000 and change, Your Honor. I'm just looking for the exact number. $674.09, Your Honor. And what was being sought was a little over $336,000. I believe that is correct, Your Honor. And you referred to the... What did you say? One point... Well, it's... You're going back years. We're going back to the contention that we made that the law firm had been paid close to a million dollars and what they were getting here into is the lump sum of all the other matters in which they represented the company and which they sort of very cavalierly dumped on the district court without really distinguishing. Your principal argument, as I understand it, is that with respect to this amount of money, the $200 and whatever it is that the district court ordered you to pay, that that included amounts that were not properly attributable to the litigation for which the law firm was harmed. That is correct. It's really a two-prong argument. The first one is that there really is, as a matter of principle, this court has no authority to set fees in cases that are not, and this is directly quoting from decisions, other proceeding, I'm sorry, state court actions or administrative proceedings that are necessary for this court to decide a particular case. So as I read the record, and correct me if I'm wrong, it appears that what the magistrate judge did was essentially accept your argument and looked at all these billing records and reduced them by about 25% in light of that contention. Well, what he did is he did not even closely apply the correct standard. That was articulated in the third verdict. Rather than go through all of these records with the precision of an accountant, I've looked at them, and I think there's something to your argument, so I am reducing them by 25%, which is exactly the approach the Supreme Court told federal courts to follow with these matters. Well, Your Honor, if I may, what the judge actually looked at was the decision in the Gulf Stream in the Third Circuit that laid out a specific standard, whether the result of work product was actually utilized in instant litigation, the plaintiff was not previously compensated, and the time spent on unrelated litigation was inextricably linked. There really wasn't any of that analysis done, and we had argued that The Supreme Court said you don't have to do that. The Supreme Court specifically cautioned federal courts that they don't have to approach these matters with, I think in the Court's words, with the precision of a green-shade-weary accountant. Well, I understand that position in principle, but in this case, because of the nature of the records submitted and our painstaking rebuttal that was done, Your Honor, there is, I believe it was an obligation by the magistrate, who wasn't involved in this case, to really parse out and separate the unrelated matters, which were many, Your Honor. Well, he says, after reviewing all the firm's time records, I find that most of the work detailed in the invoices was applicable to this case, even if it may have been useful and or applicable to other related cases as well. But that's not the standard. Well, he understood that he was not to be awarding fees in other cases, and he went through all the records, and he made a judgment of 25 percent, so 25 percent off. So you're saying he didn't do it carefully enough? Well, he didn't apply the standard that he himself articulated, and it wasn't just a matter of whether or not he was doing it carefully enough. It was a matter of, you know, where do you draw the line of dissent? Is there a California arbitration that was lumped into there? And, you know, you apply 25 percent across the board, or do you really go through some measure, not necessarily with accountant precision, but with some measure of what the courts have talked about and parse out the records? And I may add, Your Honor, really briefly that, you know, we did ask for a hearing, and that was denied below. So you, according to your brief here on the cover, you're representing the plaintiff's acme, right? The acme were the plaintiffs in this. Who were the defendants? Defendants were the former president, his wife, and the companies that they used to perpetrate the fraud. Are they appellees? They're not, Your Honor. They're listed as appellees. I don't see any brief. The only remaining aspect of this case is the attorney's fees. I'm not sure. Then you're saying the other major party is McNamara. McNamara is the law firm that is seeking compensation. McNamara is not here. I mean, if you don't know who you're suing or how to do this, I can't look at this and figure out who is even suing whom. Your Honor, this is And every brief has a different layout of parties, and we're going to have to figure it out. But that's your job to do, Frank. Your Honor, this was a remaining fee dispute with the law firm. I apologize, Your Honor. You don't have to apologize because you're done. You reserve two minutes of rebuttal. Okay. Good morning, Your Honor. If you'll please the Court, my name is Helen Benzie, and I'm from the law firm of Vincent McNamara. Can you first rule out that Katzenberg is not here and they're not going to be here? Mr. Katzenberg is not part of this. Because you have them down as appellees. Well, Your Honor, the reason they're named that way, and perhaps it is a quirk of the printing press, is that the underlying lawsuit, ACME against Katzenberg, which had federal RICO claims and a diversity claim, is still ongoing. But are they appellees in this appeal? They're not interested in this appeal at all. They're just part of the caption, and they had to be designated somehow for the system. But not as appellees unless they're involved in the appeal. All right, look. I apologize, Your Honor, that we put them on the caption. I apologize. This is where we start. We start with who sued who, who is appealing from what, and who is the appellee. Okay. Without that, I don't have any traction, and I basically don't know what you're talking about. But go ahead. This is a fee dispute within the continuing jurisdiction of the district court over the fees of counsel who have been relieved as counsel for a party. In this case, ACME, the appellant, is appealing the award of fees by the magistrate judge, which was confirmed by Judge Mouskoff, to the counsel who were relieved, in this case, the law office of Vincent D. McNamara. The primary ground for their appeal is they contend that there are matters in the billing on the ACME against Katzenberg case, civil number 03-04740, which should not have been included on that bill or in those statements because those statements reflect the names of other cases in the work done by the attorneys on this case. Magistrate Judge Gold was involved with this matter from 2003 when it was started by the first group of lawyers who represented ACME until today. He is perhaps the most familiar person with the entire process in this lawsuit. As part of our fee application, we submitted monthly statements of account, the checks paid by ACME American Repairs, which paid all the legal fees in all of the various lawsuits, both on the state and federal level, initiated and conducted concerning Mr. Katzenberg's fraud, including the previous pension suit which came to this court and for which Mr. Katzenberg lost his pension due to his fraud. We also submitted a summary of the application of each one of those checks to the bills. On this case, which is ACME against Katzenberg in the Eastern District, when the firm initially applied to be discharged, Magistrate Judge Gold asked us to continue for five months to continue to represent ACME in their effort to try to resolve the case. At the end of the day, the other owner of ACME, Mr. Mazzari, could not be found to cooperate. I won't go into that. And he and the court relieved us of counsel and gave us permission to apply for the fees that weren't paid. ACME from never objected to one statement of account rendered until the firm moved to be relieved of and never objected until after the firm was relieved of counsel in January of 2014. They had a payment plan that ran through March 28, 2013. They stopped paying on that, and the firm sent them a notice and said, unless you pay, we are going to apply to be relieved. And it's axiomatic that once a firm in a commercial case is not paid, they have a basis for being relieved. The firm at all times cooperated with the directions of the court. The judge under the Supreme Court case cited by Judge Parker said, I'll apply a 25 percent reduction. When the case went to Judge Mouskoff, she adopted Judge Gold's findings in their entirety, including his award of a quantum merit fee for the time between October 2013 and January 2014, when the firm continued to represent ACME at the direction of the court. ACME then filed a notice of appeal to this court. We asked the court below to enter a judgment for the money awarded in Judge Mouskoff's order. That took some time to get issued. We also asked the court to award prejudgment interest because this was a quantum merit analysis, and prejudgment interest would have been available under New York law for the quantum merit analysis. Can I ask a question on that? Yes. You also mentioned that before the magistrate judge as well, right? Interest, yes. It's been in the paper since the first… You didn't object to the magistrate judge's report and recommendation. And wouldn't that have been incumbent upon you? Because it doesn't mention anything about prejudgment interest. I may be misunderstanding because, like my colleague, I had great difficulty with this set of briefs, I must say. I apologize, Your Honor. While the magistrate judge's order does not mention interest, generally that's something that is considered after a verdict is issued and it runs from the date of the verdict depending upon what the underlying claim is and what the rights to prejudgment interest are on the underlying claim. So it's your position you didn't have to… He didn't have to do it at that. He didn't have to do that at that stage. When that comes into play is when you're getting the judgment for the monetary award. And granted, we probably could have gone back to the judge on the judgment when that was… Does the judgment include interest? It does not include interest, Your Honor. I thought the interest is the subject of the supposed counterclaim. It's not. It's a cross appeal, Your Honor, on the judgment. Cross appeal. Just so we're in the same… Is it the subject of the cross appeal? Yes, Your Honor, it is. So is there a judgment that awarded it? There is no judgment awarding interest, Your Honor. There was a request for interest made after… Was it granted? It was not granted. It was not treated at all in the… What do you want us to do about this? I believe prejudgment interest should be awarded… By us? Yes, I think the court has in front of it the information from the district court to do that or to send it back for directions for an award of prejudgment interest because I think definitely with a quantum merit award of attorney's fees under the applicable state law, which this court has held governs such situations, would run from when… Can I ask this again? Yes. Was it taken out with the district court? It was briefed. In this case, the court has had letter briefs. If you look back… On the subject of whether there should be a… Yes, it was letter briefed. I didn't get it. You asked for it. I mean, you may have raised it before, but when the judgment came out, you went back to the district court. No, we raised it after the report and recommendation was approved. We had a report and recommendation. That came out February 26, 2014. Then we had the adoption of the report and recommendation on September, I think, 28, 2015. Then we asked to have the judgment entered for that monetary amount, and that was like October 23 or something around there. Two days later, we sent the letter briefing why we were entitled to prejudgment interest and asking the court if they wanted further formal briefing on that. Mr. Ratner objected to it, and then we checked once more, and we sent a letter and a proposed judgment, including prejudgment interest through December 28, 2015, to the court. That's in the supplemental appendix that was filed with… Wherever it is, what was done about it? Nothing, Your Honor. They just issued the judgment with no word. The judgment just came out for the $277,000. Doesn't that seem to indicate that the court figured there wouldn't be any judgment interest? It would. Okay. Thank you. Thank you. Your Honor, I'll still be very brief. I think this whole dispute really belongs in state court, is what this is all about. We're talking about representation of many years, of many cases. Indeed, as a distinguished counsel sitting here said, there's a quaternary case maybe to be made, but this is not a quaternary situation. This is an application to set fees in this particular case. So the interest doesn't apply because, as it was briefed below, belatedly, admittedly, because as you pointed out, they didn't get it, and they went back to try to get it. It's highly uncommon to grant pro-judgment interest in cases like this, where merely an application for the fees is made, as opposed to go and sue in state court, or even federal court if the diversity jurisdiction allows you, and there's relief available, as well as any defenses that my clients may have raised. This was a case of where the judge had some obligation to go, maybe not with an accounting stick, but had some obligation of the underlying law to go through the fee application. And the law of 25% is maybe practical, but it doesn't follow the law that the magistrate himself had set out. Thank you both. We'll reserve decision.